UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIO CARDOZA,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>S. HATTON,<br><br>　　　　　Respondent. | Case No. 16-cv-03666-EMC<br><br>**ORDER OF DISMISSAL**<br><br>Docket No. 6 |

## I. INTRODUCTION

Mario Cardoza filed this *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 to challenge a disciplinary decision that caused him to lose time credits. Respondent has moved to dismiss the petition on the grounds that the petition is moot and unexhausted. Mr. Cardoza has not opposed the motion. The Court will dismiss the petition because state court remedies have not been exhausted for the petition.

## II. BACKGROUND

Mr. Cardoza received a rule violation report charging him with "possession of dangerous contraband (cell phone/accessories)" on October 3, 2014. Docket No. 1 at 29. A disciplinary hearing was held on October 26, 2014, at which he was found guilty of the disciplinary charge. For discipline, he received a 90-day time-credit forfeiture and 30 days on privilege group "C." *See id.* at 9, 29.

Mr. Cardoza filed an inmate appeal to challenge the disciplinary decision. His inmate appeal was screened out at the third level for the procedural reason that he had not attached necessary documentation to his appeal. The May 15, 2015 letter from the California Department of Corrections and Rehabilitation (CDCR) Office of Appeals stated, in relevant part: "Your

appeal has been rejected pursuant to the California Code of Regulations, Title 15, Section (CCR) 3084.6(b)(7). Your appeal is missing necessary supporting documents as established in CCR 3084.3. . . . Your appeal is missing: Photographs related to the disciplinary action."[1] Docket No. 1 at 22. The letter also stated at the bottom of the page: "Be advised that you cannot appeal a rejected appeal, but should take the corrective action necessary and resubmit the appeal within the timeframes specified in CCR 3084.6(a) and CCR 3084.8(b)." Docket No. 1 at 22. Mr. Cardoza did not obtain the photographs and resubmit the appeal. *See* Docket No. 6-4.

After his inmate appeal was screened out, Mr. Cardoza filed petitions for writ of habeas corpus in state court to challenge the prison disciplinary decision. The California Supreme Court denied the petition for writ of habeas corpus with a citation to *In re Dexter*, 25 Cal. 3d 921, 925-26 (Cal. 1979). Docket No. 1 at 20.

At the time he filed this action, Mr. Cardoza was serving a six-year prison term. Docket No. 1 at 9. He was released from prison approximately three months after filing this action. *See* Docket No. 6-1.

Respondent has moved to dismiss the petition, arguing that state judicial remedies have not been exhausted for the petition.[2] Mr. Cardoza has not opposed the motion to dismiss.

### III. DISCUSSION

There are two exhaustion principles in this case; although it is the second one that requires dismissal of the petition, both kinds of exhaustion must be mentioned. First, there is exhaustion of *administrative remedies*. The State of California provides its inmates and parolees the right to

---

[1] Cal. Code Regs. tit. 15, § 3084.6(b)(7) provides: "An appeal may be rejected for any of the following reasons, which include, but are not limited to: . . . (7) The appeal is missing necessary supporting documents as established in section 3084.3." Section 3084.3, in turn, provides that "[a]n inmate or parolee shall obtain and attach all supporting documents . . . necessary for the clarification and/or resolution of his or her appeal issue prior to submitting the appeal to the appeals coordinator."

[2] In his motion to dismiss, Respondent also has urged that Mr. Cardoza's release from prison rendered the petition moot. Respondent has not discussed whether Mr. Cardoza's parole period would be impacted if Mr. Cardoza prevailed, e.g., whether the parole period would start from an earlier date, and end at an earlier date, if Mr. Cardoza prevailed on his claim that the time credits were wrongly forfeited. Without knowing how the parole period would be impacted, the Court declines to decide whether the petition is moot.

1 appeal administratively "any policy, decision, action, condition, or omission by the department or
2 its staff that the inmate or parolee can demonstrate as having a material adverse effect upon his or
3 her health, safety, or welfare." Cal. Code Regs. tit. 15, § 3084.1(a). In order to exhaust available
4 administrative remedies within this system, a prisoner must proceed through three formal levels of
5 appeal and receive a decision from the Secretary of the CDCR or his designee. *Id.* § 3084.1(b), §
6 3084.7(d)(3). A California prisoner-petitioner must exhaust administrative remedies before he
7 files a habeas petition in a California state court. *See In re Dexter*, 25 Cal. 3d at 925.

8 Second, there is the federal habeas requirement of exhaustion of *state judicial remedies*.
9 Prisoners in state custody who wish to challenge collaterally in federal habeas proceedings either
10 the fact or length of their confinement are required first to exhaust state court remedies, either on
11 direct appeal or through collateral proceedings, by presenting the highest state court available with
12 a fair opportunity to rule on the merits of each and every claim they seek to raise in federal court.
13 *See* 28 U.S.C. § 2254(b), (c); *Rose v. Lundy*, 455 U.S. 509, 515-16 (1982). This exhaustion-of-
14 state-remedies doctrine reflects a policy of federal-state comity to give the state "an initial
15 opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Picard v.*
16 *Connor*, 404 U.S. 270, 275 (1971) (internal quotation marks omitted). Although the exhaustion
17 requirement is not jurisdictional and instead is a matter of comity, *see Granberry v. Greer*, 481
18 U.S. 129, 133-34 (1987), a federal court generally may not grant relief on an unexhausted claim,
19 *see* 28 U.S.C. § 2254(b)(1).

20 Here, the California Supreme Court denied Mr. Cardoza's state habeas petition with a
21 citation to *In re Dexter*, which stands for a rejection due to a petitioner's failure to exhaust
22 administrative remedies. In *In re Dexter*, the California Supreme Court explained that the court
23 generally will not grant judicial relief to a prisoner unless he has first exhausted available
24 administrative remedies. 25 Cal. 3d at 925-26; *see also In re Arias*, 42 Cal. 3d 667, 678 (Cal.
25 1986) (superseded by statute on other grounds) (citing *In re Dexter* for the proposition that "it is
26 well settled that habeas corpus petitioners must exhaust available administrative remedies before
27 seeking judicial relief, even where constitutional issues are at the core of the dispute").

28 The California Supreme Court's citation to *In re Dexter* in its order denying Mr. Cardoza's

For the Northern District of California

1 habeas petition shows that the California Supreme Court did not reach the merits of Mr. Cardoza's
2 claim because he had failed to exhaust his available administrative remedies. *See Harris v. Super.*
3 *Ct.*, 500 F.2d 1124, 1128 (9th Cir. 1974) (en banc) ("If the denial of the habeas corpus petition
4 includes a citation of an authority which indicates that the petition was procedurally deficient or if
5 the California Supreme Court so states explicitly, then the available state remedies have not been
6 exhausted as the California Supreme Court has not been given the required fair opportunity to
7 correct the constitutional violation.") After the California Supreme Court rejected the petition for
8 the procedural reason that Mr. Cardoza had not first exhausted state administrative remedies, Mr.
9 Cardoza retained the ability to refile his state habeas petition after exhausting his administrative
10 remedies for his claim. He did not do so, and instead filed a federal habeas petition.

11 In light of the California Supreme Court's denial of the habeas petition with a citation to *In*
12 *re Dexter*, and Mr. Cardoza's failure thereafter to exhaust administrative remedies and return to
13 the California Supreme Court, this Court finds that Mr. Cardoza has not exhausted his state
14 judicial remedies for the claim in his federal petition for writ of habeas corpus. This decision is in
15 accord with numerous other district court decisions that an *In re Dexter* citation from the
16 California Supreme Court requires dismissal of a federal habeas petition for failure to exhaust state
17 judicial remedies. *See, e.g., Stamos v. Davey*, No. 16-cv-4860 TEH, 2017 WL 412619, *1 (N.D.
18 Cal. Jan. 31, 2017) (granting motion to dismiss habeas petition challenging disciplinary decision
19 with loss of time credits as unexhausted because California Supreme Court summarily denied
20 petition with a citation to *In re Dexter*); *Riley v. Grounds*, No. 13-cv-2524 TEH, 2014 WL 988986
21 at *4 (N.D. Cal. Mar. 10, 2014) (granting motion to dismiss petition as unexhausted in light of
22 California Supreme Court's summary denial with a citation to *In re Dexter*); *Turner v. Director of*
23 *CDC*, No. 1:14-cv-00392 LJO JLT, 2014 WL 4458885 at *3 n.2 (E.D. Cal. Sept. 10, 2014) ("[F]or
24 exhaustion purposes, the citation to *Dexter* alone is sufficient, without the need to review the state
25 petition, to establish that the claims in the first amended petition were never considered on their
26 merits by the state court and, thus, were not 'fairly presented' within the meaning of AEDPA.");
27 *Dean v. Diaz*, No. 1:14-cv-00209 SKO HC, 2014 WL 1275706 at *5 (E.D. Cal. Mar. 26, 2014)
28 ("This court has regularly relied on a citation to *Dexter* to find that a federal petition is

4

unexhausted").

To be clear, this is not a dismissal under 42 U.S.C. § 1997e(a), which requires exhaustion of administrative remedies before a civil rights action may be filed, and instead is a dismissal for failure to exhaust state judicial remedies. Mr. Cardoza did not exhaust state judicial remedies because the California Supreme Court rejected his petition due to Mr. Cardoza's failure to comply with the state law requirement to present the claim first in an administrative appeal before presenting it to the California Supreme Court. That procedural rejection by the California Supreme Court leads this Court to conclude that Mr. Cardoza has not given the California Supreme Court a fair opportunity to rule on the merits of his claim. His petition must be dismissed.

## IV. CONCLUSION

Respondent's motion to dismiss is **GRANTED**. Docket No. 6. This action is dismissed without prejudice to Mr. Cardoza filing a new action in federal court if he ever exhausts state court remedies for his claim. The Clerk shall close the file.

**IT IS SO ORDERED**.

Dated: April 26, 2017

_____
EDWARD M. CHEN
United States District Judge